**Carl SCOTT, Plaintiff,**

v.

**Ralph E. KREIGER, et al., Defendants.**

**Civ. A. No. 79–1100.**

United States District Court,
N. D. Ohio, E. D.

Dec. 19, 1981.

---

Carl Scott, pro se.

George W. Lutjen, Paul D. Eklund, Davis & Young Co., LPA, Cleveland, Ohio, for defendants.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Pending before the Court are plaintiff's Motion for Summary Judgment and defendant Deputy Sheriff Sergeant Shearer's Motions for Summary Judgment and for Sanctions. Upon consideration of the pleadings and affidavits, and for the reasons set forth below, plaintiff's Motion is denied. Defendant Shearer's Motion for Summary Judgment is granted. His Motion for Sanctions is denied as moot, in view of the fact that plaintiff has responded to the Interrogatories.

Pursuant to 42 U.S.C. § 1983, plaintiff Carl Scott, a prisoner, brought a civil rights action against the ex-sheriff of Cuyahoga County, Ohio, Ralph E. Kreiger; a Deputy Sheriff, Sergeant Preston Shearer; and the Cuyahoga County Prosecutor, John T. Corrigan. Scott alleged that the defendants, acting under color of state law, knowingly and in concert, violated his constitutional and statutory rights by holding him in the Cuyahoga County jail from June 10, 1974

until June 25, 1974[1] on the pretext that a Governor's warrant from the State of Michigan was pending against him, when in fact no such warrant had been lodged. Scott seeks monetary damages.

The relevant facts are not in dispute and there are no genuine issues of material fact. On May 14, 1973 an arrest warrant was issued by the Cleveland Municipal Court charging Scott with unlawful and malicious stabbing with intent to kill, wound or maim. On April 15, 1974 another arrest warrant was issued by the Cleveland Municipal Court, this time charging Scott with murder. Scott was subsequently arrested and incarcerated in the Cleveland City Jail and on June 3, 1974 he was transferred to the Cuyahoga County Jail. On June 6, 1974 a bastardy complaint was sworn out against Scott in the Cuyahoga County Court of Common Pleas, Juvenile Division, and an arrest warrant was issued. This arrest warrant from the Juvenile Division was then delivered to the Sheriff of Cuyahoga County, but was never served on Scott.

On June 10, 1974 the murder and stabbing charges against Scott were nolled, and on June 12, 1974 Scott wrote to the Sheriff and inquired about his continued detention. Defendant Deputy Sergeant Shearer responded to Scott's inquiry, inadvertently but erroneously informing him that he was being detained pursuant to a Governor's warrant from the State of Michigan. It is undisputed that no such Governor's warrant was pending at that time; nor is it disputed that Scott was properly detained after June 25, 1974 when he was indicted on charges of rape and stabbing.

 Service of process upon ex-sheriff Kreiger in his personal capacity was never perfected; hence, Kreiger is not a party defendant in this action, in his personal capacity. Service was made on County Prosecutor Corrigan; however, Scott's Complaint makes no specific allegations with respect to any act performed by Corrigan. Therefore, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Complaint against John T. Corrigan must be dismissed for failure to state a claim upon which relief can be granted. Service upon Corrigan, however, was sufficient service upon the Sheriff in his official capacity. Civ.R. 4.2(11).

 The applicable law is clear. A political subdivision, such as a municipality or a county, is subject to suit as a "person" in a § 1983 action. *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, such § 1983 actions cannot successfully be premised on theories of *respondeat superior* alone, but rather depend upon the existence of an established rule, regulation, policy or custom of the political subdivision, *Monell, supra; Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The individual officers or agents of the political subdivision are entitled to assert a qualified good faith immunity defense. See *Pierson v. Ray*, 386 U.S. 547, 555–557, 87 S.Ct. 1213, 1218–19, 18 L.Ed.2d 288 (1961). However, neither such defenses, nor immunity from compensatory damages, are available to the political subdivision itself. *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980).

 Although a political subdivision, such as the county, is subject to suit as a "person" in a § 1983 action, *Monell, supra*, the Complaint does not allege (nor does anything before this Court suggest) any rule, purpose, custom or plan to systematically deprive Scott, or others similarly situated, of a Sixth Amendment right to be ... "informed of the nature and cause of the accusation",[2] and the county cannot be held

---

1. On June 25, 1974 Scott was indicted by the Grand Jury of Cuyahoga County, Ohio on charges of rape and stabbing. He was convicted and sentenced to the Ohio State Penitentiary. In December 1974 Scott was convicted of murder. He is presently serving lengthy sentences pursuant to those convictions.

2. For purposes of this case, it is not necessary to reach the question of whether Scott was deprived of his liberty without due process so as to establish a § 1983 cause of action. See *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); *Douthit v. Jones*, 619 F.2d 527 (5th Cir. 1980).

responsible for the acts of its agents on solely a *respondeat superior* theory. *Monell, supra.* Therefore, the Complaint against Sheriff Kreiger in his official capacity is hereby dismissed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

With respect to Deputy Sheriff Shearer, the record is uncontroverted that his failure to advise Scott as to the reasons for his detention was based on negligence alone. And, although it would not be available to the county, Shearer is entitled to assert this good faith defense.

Defendant Shearer's Motion for Summary Judgment is granted; the case is hereby dismissed.

IT IS SO ORDERED.